```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
AVAIL HOLDING LLC,

                              Plaintiff,

     -against-

NEIL NANDA; SONIKA NANDA; JP MORGAN CHASE BANK N.A.;            ORDER
HARESH SAJNANI; UNITED STATES OF AMERICA – INTERNAL             15-cv-0486(ADS)(SIL)
REVENUE SERVICE; NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE and JOHN DOE "1" through "12", said
persons or parties having or claimed to have a right, title or interest in the
Mortgaged premises herein, their respective names are presently
unknown to the Plaintiff,

                              Defendants.
-------------------------------------------------------------------------------x
```

APPEARANCES:

**The Margolin and Weintraub Law Group, LLP**
*Attorneys for the Plaintiff Avail Holding LLC*
165 Eileen Way, Suite 101
Syosset, NY 11791
          By:   Alan H. Weinreb, Esq.
                Alyssa L. Kapner, Esq., Of Counsel

**Charles R. Cuneo, Esq.**
*Attorney for the Defendants Neil Nanda and Sonika Nanda*
82 Main Street, Suite 200
Huntington, NY 11743

**United States Attorney's Office, Eastern District of New York**
*Attorneys for the Defendant United States of America – Internal Revenue Service*
271 Cadman Plaza East
Brooklyn, NY 11201
          By:   Mary M. Dickman, Assistant U.S. Attorney

NO APPEARANCES:

JP Morgan Chase Bank, N.A.

Haresh Sanjani

New York State Department of Taxation and Finance

SPATT, District Judge:

On January 30, 2015, the Plaintiff Avail Holding LLC commenced this diversity mortgage foreclosure action under Article 13 of the New York Real Property Actions and Proceedings Law, seeking to foreclose its security interest in a parcel of real property owned by the Defendants Neil Nanda and Sonika Nanda (together, "the Homeowners"), located at 245 Crabapple Road in Manhasset.

On March 20, 2015, the Homeowners appeared by counsel and filed an answer asserting several affirmative defenses to the complaint. The Internal Revenue Service also appeared by counsel, but neither filed an answer nor took an active role in the litigation.

The remaining co-Defendants, namely, JP Morgan Chase Bank, N.A.; Haresh Sajnani; and the New York State Department of Taxation and Finance, failed to answer or otherwise appear in this action. It is noted that, despite the non-appearances of these parties, the Plaintiff did not seek to have the Clerk of the Court enter their defaults.

Following a pre-motion conference at which counsel for the Plaintiff and the Homeowners were present, on May 13, 2016, the Plaintiff filed a motion seeking summary judgment against the Homeowners.

By July 2, 2016, the time for responding to the Plaintiff's motion had expired without any party filing opposition or requesting an extension of time to do so. Accordingly, the Court referred this matter to United States Magistrate Judge Steven I. Locke for a recommendation as to whether the unopposed motion for summary judgment should be granted, and if so, the relief to be granted.

On January, 11, 2017, Judge Locke issued a Report and Recommendation (the "R&R"), finding that the Plaintiff established through admissible evidence an entitlement to foreclosure; that the Homeowners failed to raise any genuine issue of material fact; and that summary judgment was appropriate under the applicable New York law.

A copy of the R&R was served on counsel for the appearing parties via ECF the same day it was issued, namely, January 11, 2017. Thereafter, on January 26, 2017, the Plaintiff filed proof of service of the R&R on the non-appearing parties.

More than fourteen days have elapsed since service of the R&R on all the Defendants, each of whom has failed to file an objection or request an extension of time to do so. Therefore, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the January 11, 2017 Report and Recommendation is adopted in its entirety, and the Plaintiff's motion for summary judgment is granted. The Clerk of the Court is respectfully directed to enter partial judgment in accordance with this Order.

However, because the Plaintiff neither sought to note the defaults of the non-appearing Defendants, nor moved for summary judgment against them, this matter shall remain open under the following caption:

-------------------------------------------------------------------------------------------------x
AVAIL HOLDING LLC,

                              Plaintiff,

   -against-

JP MORGAN CHASE BANK N.A.; HARESH SAJNANI; UNITED STATES OF
AMERICA – INTERNAL REVENUE SERVICE; NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE and JOHN DOE "1" through "12", said persons or
parties having or claimed to have a right, title or interest in the Mortgaged premises
herein, their respective names are presently unknown to the Plaintiff,

                              Defendants.

-------------------------------------------------------------------------------------------------x

It is **SO ORDERED**:

Dated:	Central Islip, New York
	February 10, 2017

							/s/ *Arthur D. Spatt*				
							ARTHUR D. SPATT
							United States District Judge